SOTOMAYOR *v.* LEE, RECEIVER DE LA SUCESIÓN OLIVIERI.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 717.—Resuelto en febrero 16, 1912.

SÍNDICO DE UNA SUCESIÓN—HEREDEROS—DEFECTO DE PARTES DEMANDADAS—
PODERES DE LOS SÍNDICOS.—Debe declararse con lugar la excepción previa de defecto de partes demandadas contra una demanda entablada directa y únicamente contra el síndico de una sucesión sin incluir a los herederos que componen la sucesión, cuando la demanda no alega las facultades conferidas a dicho síndico, pues generalmente los poderes de esos funcionarios no se extienden a la venta de la propiedad sin una orden de la corte, y por tanto,

la citación únicamente del síndico, no es suficiente para que una corte pueda disponer de la propiedad de los herederos en posesión del síndico.

Acumulación de Acciones — Reclamaciones Derivadas de Contratos Expresos—Préstamo Hecho por el Síndico—Gastos, Costas y Honorarios de Abogado.—La reclamación para cobro de un préstamo hecho a un *receiver* para gastos de las fincas que administra, es acumulable a la de reclamarle cantidad debida por gastos, costas y honorarios del pleito en que fué nombrado, porque la primera se deriva de un contrato expreso y la segunda de otro tácito.

Id.—Súplica de la Demanda—Excepciones Previas.—Entablada una demanda contra un síndico en la representación que se le atribuye tener de varios herederos, no puede alegarse con éxito la excepción previa de que la demanda es ambigua, fundada en que en la súplica se interesa un decreto personal contra el *receiver,* pues aparte de que las excepciones han de aducirse contra las alegaciones y no contra la súplica, en este caso se interesa sentencia contra el demandado en la representación que se le atribuye.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. N. B. K. Pettingill.*

Abogados del apelado: *Sres. José Tous Soto y Emigdio S. Ginorio.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Una de las herederas de Don Félix Olivieri Cervoni presentó en la Corte de Distrito de los Estados Unidos para Puerto Rico, un pleito en equidad contra los demás coherederos sobre reclamación de herencia y otros extremos, siendo en el mismo nombrado *receiver* Don Eduardo Lee, quien se incautó entre otros bienes de dicho señor, de varias fincas gravadas por el propio Olivieri Cervoni con primera hipoteca a favor del Crédito y Ahorro Ponceño, y con segunda, a la sociedad "Durán y Coll."

También fueron ocupadas dos fincas que los esposos Renta-Rivera habían vendido con pacto de retro a Don Miguel Criado, pero que conservaron en arrendamiento por el término del retro, y sobre las cuales adquirió dicho señor Olivieri los derechos de arrendamiento y retracto que tenían los mencionados esposos vendedores.

Después de esto, Don Luis Sotomayor presentó demanda en la Corte de Distrito del Distrito Judicial de Ponce contra Don Eduardo Lee, *receiver* de la Sucesión de Don Félix Oli-

vieri Cervoni, en la que alegó los hechos antes expuestos; que dicha corte en tal pleito, reconoció, liquidó y fijó el importe de las hipotecas del Crédito y Ahorro Ponceño y de "Durán y Coll"; que declaró ser una hipoteca el contrato de venta y arrendamiento expresado, la que también liquidó; que ha adquirido esos créditos, así como que habiendo el citado *receiver* tomado dinero a préstamo, con permiso de la corte, para los gastos de cultivo de las fincas bajo su cuidado y administración, estando vencida esa deuda, la había pagado el ahora demandante por habérselo exigido así la corte que conocía del pleito de los herederos, como condición para autorizarlo a cobrar judicialmente los créditos hipotecarios que tenía contra la Sucesión Olivieri Cervoni. También reclama lo que pagó por sus servicios al defensor judicial que representó a algunos menores demandados en el referido pleito.

Con esos hechos y exponiendo además que la expresada Corte de Distrito de los Estados Unidos lo autorizó para establecer la presente demanda contra el *receiver,* en cobro de los expresados créditos hipotecarios, concluyó pidiendo a la corte de Ponce que condenase al *receiver,* en representación de los herederos del Don Félix Olivieri, a pagar los créditos que reclama, y que ordene la venta de los bienes hipotecados o de otros de la sucesión, si aquellos fueren insuficientes.

Contra esa demanda interpuso el demandado Eduardo Lee excepción previa que fundó en tres motivos, y habiendo sido desestimada, no presentó contestación, por lo que le fué anotada la rebeldía y dictada sentencia, condenándole al pago de las cantidades reclamadas por el demandante, contra la cual sentencia ha interpuesto el presente recurso de apelación.

Los motivos de error expuestos por el demandado apelante, en su alegato, pueden dividirse en dos grupos comprendiéndose en uno los tres primeros aducidos contra la resolución que desestimó las excepciones, y en el otro los restantes dirigidos contra la sentencia.

Empezaremos por el primer grupo, porque si existen, pro-

ducirían la revocación de la sentencia y sería innecesario examinar los otros errores alegados.

La primera excepción alegada, dice así:

"Que existe un defecto en la designación de las partes demandadas, toda vez que Eduardo Lee es solamente un demandado de formalidad en su carácter oficial de *receiver* nombrado por la Corte de Distrito de los Estados Unidos, mientras que los verdaderos dueños de la propiedad descrita en la demanda, esto es, los herederos de Félix Olivieri y Cervoni, no han sido incorporados a la demanda como partes en ninguna forma."

Todo lo que la demanda expresa con respecto al síndico (*receiver*) es, que la Corte de Distrito de los Estados Unidos para Puerto Rico autorizó a Don Luis Sotomayor para que lo demandara. No se consignan las facultades que se han conferido a dicho síndico (*receiver*), lo que era necesario para conocer si en vista de ellas, hay causa de acción contra él solo y podía ser condenado en el carácter con que se le demanda, ya que generalmente los poderes de esos funcionarios no se extienden a la venta de la propiedad, sin una orden de la corte.

*Jackson* v. *Horton et al.,* 126 Ill., 566.

*Mason* v. *Hubner,* 104 Md., 554.

No apareciendo, pues, de la demanda, cuáles son esos poderes, la sola citación a él no era suficiente para que la Corte de Distrito de Ponce pudiera disponer de la propiedad de los herederos de Olivieri Cervoni y se hace necesario el que éstos sean demandados ya que se trata de disponer de sus bienes.

Por tanto, el primer fundamento de la excepción era pertinente y la corte inferior cometió error al no sostenerla por ese motivo.

El segundo motivo de la excepción, que es el segundo error alegado, dice así:

"Por la indebida acumulación de varias acciones, en cuanto a que algunas acciones representan deudas que se alega fueron contraídas por el mencionado Félix Olivieri y Cervoni durante su vida, y por lo

tanto, son deudas de las que son personalmente responsables sus here-
deros; porque la causa de acción mencionada en los párrafos 9 y 10,
no es una deuda sino una obligación para la devolución de un título
sobre ciertos terrenos, y la causa de acción a que se contrae el párrafo
15 no es una obligación personal de nadie, como tampoco un grava-
men sobre ninguna propiedad en particular, sino que se deriva exclu-
sivamente, si es que existe, del decreto mencionado de la corte de los
Estados Unidos.''

No se hace objeción a que pudieron acumularse las recla-
maciones por los créditos que cedieron al demandante la so-
ciedad ''Durán y Coll'' y el Crédito y Ahorro Ponceño, pero
se discute el crédito cedido por el señor Criado.

Respecto de éste, hemos de decir que como la demanda ale-
ga que por una corte de justicia se ha declarado que el con-
trato original de venta con pacto de retro y arrendamiento, lo
que en realidad constituye es una hipoteca, como tal ha de
tenerse al formularse la excepción previa, y es, por tanto,
acumulable a las anteriores reclamaciones, por derivarse to-
das de contratos expresos.

El grupo de reclamaciones está formado por lo que el de-
mandante pagó por gastos hechos por el *receiver* en el cultivo
de las fincas en su poder y por los honorarios del defensor de
menores. Estos créditos se derivan, el primero del contrato
expreso de préstamo celebrado por el síndico (*receiver*) en
nombre de los herederos de Olivieri y para beneficio de sus
propiedades; y el segundo del contrato tácito que nace al tra-
mitarse un pleito, de que se pagarán los gastos, costas y hono-
rarios que en él se devenguen y que la corte estime justos de
acuerdo con la ley.

Por estos motivos, estas dos reclamaciones han podido ser
acumuladas a las anteriores, por lo que no cometió la corte
inferior el error que se le atribuye.

En cuanto al tercer motivo de la excepción previa, y tam-
bién del recurso, fundado en que la demanda es ambigua por-
que se interesa un decreto personal contra el demandado sin
consignar hechos que lo justifiquen, hemos de decir que,

aparte de que las excepciones han de aducirse contra las alegaciones y no contra la súplica, sin embargo, en este caso no se solicita sentencia contra el demandado personalmente, sino en la representación que se le atribuye tener de los herederos de Olivieri, y no existió, por tanto, error al desestimar ese motivo de la excepción.

Sosteniendo, pues, la excepción por el primero de sus fundamentos, es innecesario. considerar los demás errores alegados contra la sentencia que ha de ser anulada, para que el juez de la corte inferior continúe los procedimientos.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary, Wolf y del Toro.